UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL ARCIOLA,

                           Plaintiff,

         -against-

NEW YORK STATE D.O.C.C.S.; ZAIRA
SERRANO, BUREAU CHIEF; SUEANN
LASHLEY, PAROLE OFFICER; LEAH
WHITE, CASE MANAGER; VIRGINIA
JAMES MORROW, ADMINISTRATIVE
LAW JUDGE,

                           Defendants.

25-CV-3986 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

        When Plaintiff filed this complaint, he was detained in the Dutchess County Jail, but he is

now incarcerated in the Clinton Correctional Facility. He brings this action *pro se*, under 42

U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated June

10, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is,

without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to

file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's civil rights

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

The following facts are drawn from the complaint, which names the following Defendants: (1) the New York State Department of Corrections and Community Supervision ("DOCCS"); (2) DOCCS Bureau Chief Zaira Serrano; (3) Parole Officer Sueann Lashley; Case Manager Leah White; and Administrative Law Judge ("ALJ") Virginia James Morrow. Plaintiff alleges that on October 2, 2024, he "began to see a pattern of sexism and racism" in connection with his parole revocation proceedings. (ECF 1 at 6.) Plaintiff alleges that, during a hearing, ALJ Morrow "was flirting with the prosecuting attorney David Graubard," who responded to her by winking, doing "obscene gestures" and acting "jokingly" and "inappropriate[ly]." (*Id.*) Plaintiff alleges that Morrow cannot "be fair and impartial" if she "carr[ies] on unprofessionally with" the prosecution. (*Id.* at 7.) According to Plaintiff, Parole Officer Lashley "blatantly lied" during the hearing because "she hates white people" and wanted him to remain in custody. (*Id.*)

Plaintiff further alleges that DOCCS Bureau Chief Serrano either denied grievances he filed or treated his grievances differently from those filed by other parolees, based on "sexism, racism, hate, dereliction of duty, false imprisonment, based on lies, false statements, and deceit." (*Id.*) He claims that he is suffering from "debilitating medical issues" that were "caused by [DOCCS] and [ALJ] Morrow," and he seeks to be paroled to Samaritan Village, a drug treatment program. (*Id.* at 25, 28, 39.) There are numerous attachments to the complaint, which include: requests Plaintiff submitted under the New York State Freedom of Information Law to DOCCS seeking documents related to his claims of disparate treatment; grievances that he filed to DOCCS; and other correspondence. (*Id.* at 11-67.) In a letter, Plaintiff also states that he does not have access to a good law library, and that the tablets do not always work. (ECF 9.)

**DISCUSSION**

A.    **Section 1983**

Plaintiff filed this action under 42 U.S.C. § 1983, alleging that Defendants violated his

constitutional rights. A plaintiff proceeding under Section 1983 must allege both that: (1) a right

secured by the Constitution or laws of the United States was violated, and (2) the right was

violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487

U.S. 42, 48-49 (1988).

The Court construes Plaintiff's complaint as asserting that Defendants violated his right

to equal protection. The Equal Protection Clause of the Fourteenth Amendment guarantees the

right to be free from "invidious discrimination in statutory classifications and other governmental

activity." *Bernheim v. Litt*, 79 F.3d 318, 323 (2d Cir. 1996) (quoting *Harris v. McRae*, 448 U.S.

297, 322 (1980)). The Equal Protection Clause "is essentially a direction that all persons

similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S.

432, 439 (1985); *see also Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir.

2001) (same). Therefore, "[t]o state a claim for an equal protection violation, [a plaintiff] must

allege that a government actor intentionally discriminated against him on the basis of race,

national origin or gender." *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 48 (2d Cir. 1999). A plaintiff

can plausibly allege intentional discrimination in three ways: (1) "a law or policy is

discriminatory on its face if it expressly classifies persons on the basis of race or gender"; (2) "a

law which is facially neutral violates equal protection if it is applied in a discriminatory fashion";

or (3) "a facially neutral statute violates equal protection if it was motivated by discriminatory

animus and its application results in a discriminatory effect." *Id.* (citations omitted).

Here, Plaintiff does not set forth facts in support of any of these three forms of

discrimination. There are no allegations in the complaint of any 'similarly-situated' individuals

who were treated differently from him. He simply concludes that Defendants discriminated against him based on his race, but provides no facts in support of that assertion.

The Court also considers whether Plaintiff's complaint could be construed as asserting a "class of one" equal protection claim. "[A] 'class of one' equal protection claim requires that (1) [the plaintiff] was treated differently from others similarly situated in all relevant respects, (2) the defendant had no rational basis for the different treatment, and (3) the different treatment resulted from a non-discretionary state action." *Barkai v. Nuendorf*, No. 21-CV-4060 (KMK), 2023 WL 2691712, at *30 (S.D.N.Y. Mar. 29, 2023) (citing *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 604 (2008)); *see also Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59-60 (2d Cir. 2010) ("Class-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves. Accordingly, to succeed on a class-of-one claim, a plaintiff must establish that (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake." (quotation marks and citation omitted)).

To the extent that Plaintiff may be pleading a 'class of one' equal protection claim, the complaint is similarly devoid of facts in support of such a claim. In light of Plaintiff's *pro se* status, the Court grants him leave to replead his equal protection claim in an amended complaint.

**B.    Claims against the named Defendants**

1.    Judicial immunity

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature."

*Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff's claims against ALJ Morrow concern her conduct while presiding over his parole violation hearing. Because ALJ Morrow undoubtedly had jurisdiction of that matter, and because Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable to him, the doctrine of absolute judicial immunity therefore applies.

2.    Eleventh Amendment immunity

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park*

*Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). For these reasons, the court dismisses Plaintiff's Section 1983 claims against DOCCS and agents Lashley and Serrano in their official capacity under the Eleventh Amendment.[2]

  3.  Parole officer immunity

  Plaintiff's complaint can also be construed as asserting claims against Parole Officer Lashley in her personal capacity. State officials, such as parole officers, have absolute immunity for "judicial acts" and "acts that are prosecutorial in nature." *Scotto v. Almenas*, 143 F.3d 105, 110 (2d Cir. 1998). Parole officers are thus entitled to absolute immunity for their decisions to "grant, deny, or revoke parole," which are judicial tasks, as well as for their actions in "initiating parole revocation proceedings" and "presenting the case for revocation to hearing officers" which are prosecutorial acts. *Id.* at 111-12.

  When parole officers perform acts that are "administrative or investigatory in nature," however, they only enjoy qualified immunity, meaning that they are shielded from liability only insofar as their conduct does not violate "clearly established constitutional norms of which an objectively reasonable person should have been aware." *Id.* at 110-13. Parole officers can receive qualified immunity for their actions in preparing violation reports and recommending arrest warrants, which are administrative and investigatory tasks. *Id.* at 112.

  Here, Plaintiff alleges that Lashley "blatantly lied" during the parole hearing to keep him incarcerated, because "she hate white people." (ECF 1 at 7.) The Court cannot determine whether Parole Officer Lashley is entitled to immunity because it is unclear from the complaint what exactly she personally alleged did or failed to do that violated Plaintiff's rights.

---

[2] As discussed further in this order, the Court cannot grant Plaintiff the injunctive relief he seeks from the State of New York–modification of the terms of his parole–in response to a Section 1983 complaint.

Thus, even if Parole Officer Lashley is not entitled to absolute immunity, Plaintiff's claims against her cannot proceed because Plaintiff does not allege any facts showing that anything that Parole Officer Wright personally did or failed to do violated Plaintiff's rights. In this respect, the Court grants Plaintiff leave to amend his complaint.

## C.    The Court declines to construe the complaint as a petition brought under § 2254 because Plaintiff has not exhausted his administrative remedies

To the extent Plaintiff wishes to challenge the revocation of his parole, he must do so in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Wilkinson*, 544 U.S. at 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement)).

Before challenging the revocation of his parole, however, a petitioner must first exhaust all available state court remedies, including any available administrative appeals and state-court proceedings, such as an Article 78 proceeding. *See, e.g.*, *Smith v. Smith*, No. 17-CV-0258, 2018 WL 557877, at *5 (N.D.N.Y. Jan. 22, 2018) (discussing exhaustion options in context of a parole revocation). Then, after exhausting all available state court remedies, Plaintiff may file in this Court a petition for a writ of *habeas corpus* under Section 2254.[3]

---

[3] To the extent Plaintiff seeks money damages, the favorable-termination rule may prevent him from doing so. *See Heck v. Humphrey*, 512 U.S. 477, 487-87 (1994) ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]") (footnote omitted)); *Lee v. Donnaruma*, 63 F. App'x 39, 40-41 (2d Cir. 2003) (summary order) (applying the *Heck* rule to Section 1983 actions challenging the fact or duration of confinement based on a parole revocation).

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims, as set forth in this order.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a)  the names and titles of all relevant people;

    b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c)  a description of the injuries Plaintiff suffered; and

    d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-3986 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    October 7, 2025
          New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

_____
_____
_____
_____
_____
_____
_____

Jury Trial:   □ Yes     □ No

(check one)

___ Civ. _____ (   )

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

I.     **Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of
confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper
as necessary.

Plaintiff's        Name_____
                   ID#_____
                   Current Institution_____
                   Address_____
                   _____

B.     List all defendants' names, positions, places of employment, and the address where each defendant
may be served. Make sure that the defendant(s) listed below are identical to those contained in the
above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

*Rev. 01/2010*                                     1

Defendant  No. 2     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Who did
what?

Defendant  No. 4     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5     Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.     Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.     In what institution did the events giving rise to your claim(s) occur?

_____
_____

B.     Where in the institution did the events giving rise to your claim(s) occur?

_____

C.     What date and approximate time did the events giving rise to your claim(s) occur?

_____
_____
_____

What
happened
to you?

D.     Facts:_____
_____
_____
_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.     Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.     Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.     Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.     Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

     Yes _____    No _____    Do Not Know _____

C.     Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

     Yes _____    No _____    Do Not Know _____

     If YES, which claim(s)?
     _____

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

     Yes _____    No _____

     If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

     Yes _____    No _____

E.     If you did file a grievance, about the events described in this complaint, where did you file the grievance?
     _____

     1.     Which claim(s) in this complaint did you grieve?
      _____

      _____

     2.     What was the result, if any?
      _____

      _____

     3.     What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
      _____
      _____
      _____
      _____

F.     If you did not file a grievance:

     1.     If there are any reasons why you did not file a grievance, state them here:
      _____
      _____
      _____

_____
_____
_____

      2.        If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.     Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____

**VI.    Previous lawsuits:**

<div style="border:1px solid black; display:inline-block">

**On
these
claims**

</div>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____  No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____

_____

<div style="border:1px solid black; display:inline-block">

**On
other
claims**

</div>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____  No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff    _____

Inmate Number       _____

Institution Address     _____

_____

_____

_____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:  _____