UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MICHAEL ARCIOLA,<br><br>                    Plaintiff,<br><br>          v.<br><br>NEW YORK STATE D.O.C.C.S.; ZAIRA SERRANO, BUREAU CHIEF; SUEANN LASHLEY, PAROLE OFFICER; LEAH WHITE, CASE MANAGER; VIRGINIA JAMES MORROW, ADMINISTRATIVE LAW JUDGE,<br><br>                    Defendants. | No. 25-CV-3986 (KMK)<br><br>PARTIAL ORDER<br>OF DISMISSAL |

KENNETH M. KARAS, United States District Judge:

Plaintiff Michael Arciola, who is proceeding *pro se* and *in forma pauperis* ("IFP"), is currently incarcerated at Clinton Correctional Facility, serving a two-year sentence on a technical parole violation. On February 3, 2026, Plaintiff filed an amended complaint, invoking 42 U.S.C. § 1983, and alleging that Defendants violated his constitutional rights. For the reasons set forth below, the Court: (1) dismisses the Section 1983 claims for failure to state a claim on which relief may be granted; and (2) construes attachments to the amended complaint as seeking *habeas corpus* relief pursuant to 28 U.S.C. § 2254, and directs the New York State Attorney General's Office and the Dutchess County District Attorney's Office to file a limited answer.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's civil rights complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

Additionally, the Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND AND DISCUSSION

In the original complaint, received on May 9, 2025, Plaintiff named the New York State Department of Corrections and Community Supervision ("DOCCS"); DOCCS Bureau Chief Zaira Serrano; Parole Officer Sueann Lashley; Case Manager Leah White; and Administrative Law Judge ("ALJ") Virginia James Morrow. According to Plaintiff, Defendants denied his applications for bail and diversion to drug treatment because he is white, but offered those options to defendants of other races. He further claimed that ALJ Morrow flirted with the prosecutor and was openly disdainful of Plaintiff; that all the individual Defendants were biased against him because of his sex and the nature of his underlying offense; and that they retaliated against him because he filed grievances and complaints against them. (Dkt. No. 1.)

By *sua sponte* order dated October 8, 2025, then-presiding Judge Stanton granted Plaintiff leave to amend his complaint to address the following: (1) the facts alleged did not suggest that Defendants treated Plaintiff differently from similarly situated individuals; (2) Defendants were immune from suit; (3) to the extent the complaint could be construed as

2

challenging the parole revocation and seeking relief under 28 U.S.C. § 2254, Plaintiff had not alleged facts showing that he had exhausted his state court remedies, *see Cook v. New York State Div. of Parole*, 321 F.3d 274, 278-79 (2d Cir. 2003) (holding that a Section 2254 petition is the proper vehicle for challenging custody arising from the revocation of parole); and (4) to the extent Plaintiff sought money damages for an allegedly unlawful conviction, the favorable-termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 487-87 (1994), likely precluded him from doing so, *Lee v. Donnaruma*, 63 F. App'x 39, 40-41 (2d Cir. 2003) (applying the *Heck* rule to Section 1983 actions challenging the fact or duration of confinement based on a parole revocation) (summary order).

On February 3, 2026, Plaintiff filed a 110-page amended complaint that is substantially similar to the original complaint.[1] (Dkt. No. 13.) For the first time, however, Plaintiff provides documents suggesting that he received confusing and incorrect information about how to appeal the parole revocation and request assignment of counsel. (Dkt. No. 17-1 at 9-13, 22-24.) It does not appear that appellate counsel was ever assigned to Plaintiff or that his appeal was perfected.

For the reasons set forth in Judge Stanton's October 8, 2025 order, the Court dismisses the Section 1983 claims asserted in the amended complaint for failure to state a claim on which relief may be granted and on immunity grounds. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii). The Court declines to exercise its supplemental jurisdiction, under 28 U.S.C. § 1367, of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental

---

[1] Thereafter, the matter was reassigned to the undersigned pursuant to the Rules for the Division of Business Among District Judges of the Southern District of New York.

jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

The Court will issue a separate order construing the amended complaint as asserting claims for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 and directing the government to file a limited answer to the petition. *See Thompson v. Choinski*, 525 F.3d 205, 210 (2d Cir. 2008) (noting that the court was unaware of any "basis . . . for the view that a petitioner may not seek relief under both a habeas statute and § 1983 in a single pleading.")

**CONCLUSION**

For the reasons set forth in this order and the October 8, 2025 order, the Court dismisses the claims asserted under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted and on immunity grounds. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii). The Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting.

The Court will issue a separate order construing the amended complaint as asserting claims for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 and directing the government to answer the petition.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 8, 2026
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

4